**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| BIA Separations Gesellschaft für Separationstechnologie mbH, | Case No. 25-10465 (CTG) |
| Debtor in a Foreign Proceeding. | Re: Docket No. 3 |

**OBJECTION OF MARTIN WODAK AND ALEŠ ŠTRANCAR TO MOTION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING; (II) RECOGNITION OF FOREIGN REPRESENTATIVE; (III) RECOGNITION OF OPENING ORDER; AND (IV) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Martin Wodak, in his capacity as the chief executive officer of BIA Separations, Inc., and Aleš Štrancar, in his capacity as Managing Director of BIA Separations Gesellschaft für Separationstechnologie mbH and a director of BIA Separations, Inc., by and through their undersigned counsel, hereby submit this objection (the "Objection") to the *Motion for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; (III) Recognition of Opening Order; and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 3] (the "Recognition Motion")[1]. In support of this Objection, Mr. Wodak and Dr. Štrancar respectfully state as follows:

**PRELIMINARY STATEMENT**

1.  The Foreign Representative was appointed as the trustee for BIA Separations Gesellschaft für Separationstechnologie mbH (the "Debtor") on September 15, 2015, in the Debtor's Austrian insolvency proceeding (the "Austrian Proceeding") before the Austrian Insolvency Court of Eisenstadt (the "Austrian Insolvency Court"). *See Chapter 15 Petition for Recognition of a Foreign Proceeding* [D.I. 1, Ex. 1]. Now, after ten years and numerous failed

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Recognition Motion.

proceedings against the Debtor's former subsidiary BIA Separations d.o.o. ("BIA SLO"), Mr. Michael Wagner (the "Foreign Representative") has seemingly sought chapter 15 recognition to begin a similar campaign against the Debtor's remaining subsidiary, BIA Separations Inc. ("BIA USA").

2. Pending before the Austrian Insolvency Court is a motion to remove the Foreign Representative as the Debtor's trustee (the "Trustee Removal Motion"). Though the Trustee Removal Motion was filed on March 12, 2025, two days prior to the filing of the Debtor's chapter 15 petition, the Foreign Representative failed to inform the Court of its existence.

3. The Court should defer recognition of the Austrian Proceeding until a final, non-appealable order has been entered deciding the Trustee Removal Motion currently pending before the Austrian Insolvency Court. Recognition of the Austrian Proceeding at this stage would be premature and inappropriate in light of the serious allegations of misconduct and mismanagement by the Foreign Representative that are the basis of Trustee Removal Motion. The Trustee Removal Motion raises substantial questions about the Foreign Representative's authority, competency, and his ability to satisfy the statutory requirements of section 1517(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), which are necessary for chapter 15 recognition.

4. If the Trustee Removal Motion is successful, it would bar recognition of the Austrian Proceeding as a foreign main proceeding because the requirements of section 1517(a) of the Bankruptcy Code would not be met. Section 1517(a) of the Bankruptcy Code requires that the "foreign representative applying for recognition is a person or body" and, pursuant to section 101(24) of the Bankruptcy Code, the definition of "foreign representative" is a "person or body…authorized in a foreign proceeding to administer the recognition or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." With the Trustee

Removal Motion underway, the Foreign Representative may soon cease to be authorized in the Austrian Proceeding to administer the Debtor's assets and affairs, thereby ceasing to be eligible to act as a foreign representative in this chapter 15 case.

5.     Therefore, it would be prudent to defer recognition until a final, non-appealable determination on the Trustee Removal Motion has been made in Austria and there is clarity regarding the Foreign Representative's status. Further, the Debtor and the Foreign Representative already have wide provisional relief, such that deferring recognition would not harm them. By contrast, granting recognition now while the Trustee Removal Motion is ongoing could cause irreparable harm by needlessly depleting the assets of the Debtor, BIA USA, and other interested parties, particularly when any discovery requests or other actions launched by the Foreign Representative upon recognition could become moot.

## BACKGROUND

6.     Mr. Wodak and Dr. Štrancar respectfully refer the Court to the *Declaration of Dr. Alexander Isola in Support of Martin Wodak and Aleš Štrancar's Objection to the Motion for (I) Recognition of Foreign Main Proceeding; (II) Recognition of Foreign Representative; (III) Recognition of Opening Order; and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Isola Declaration") filed contemporaneously with this Objection, which sets forth the relevant facts and is fully incorporated herein by reference.

7.     The Foreign Representative was appointed as the Debtor's trustee on September 15, 2015, in the Austrian Proceeding. Isola Declaration ¶ 5.

8.     On March 14, 2025, the Foreign Representative filed a petition for chapter 15 relief, but failed to disclose to the Court that on March 12, 2025, the Debtor filed a motion to remove the Foreign Representative as the Debtor's trustee in the Austrian Proceeding and that such Trustee Removal Motion was pending before the Austrian Insolvency Court. Isola Declaration ¶ 5. The

3

Trustee Removal Motion is still ongoing and the Austrian Insolvency Court has yet to render a decision. Isola Declaration ¶ 6.

9. The Debtor filed the Trustee Removal Motion because of the Foreign Representative's poor financial management of the Debtor's estate and affairs, as highlighted by the Foreign Representative's failure to secure and realize the Debtor's valuable stake in BIA SLO as part of a restructuring process that took place before the District Court of Nova Gorica (the "Slovenian Court"), which could have resulted in a 100% recovery for the Debtor's creditors, and a history of wasteful, harassing legal proceedings against the Debtor's subsidiaries and Managing Director that seem to be intended to save face and potentially avoid personal liability for the way he has managed the Austrian Proceeding. Isola Declaration ¶ 7.

**A. Events Leading Up To The Austrian And Slovenian Insolvency Proceedings.**

10. According to the Trustee Removal Motion, at the start of the Austrian Proceeding, the Debtor was a 75% shareholder of BIA SLO and a 100% shareholder of BIA USA. Isola Declaration ¶ 8. The Debtor acted primarily as a holding company to raise investor funds to finance BIA SLO. *Id*. Unlike the Debtor, BIA SLO is an operating business with a breakthrough purification process widely used in gene therapy to treat pediatric patients with spinal muscular atrophy. *Id*. In 2015, when BIA SLO was still in its "start-up" phase, BIA SLO was a promising start-up business that was valued by certain creditors at approximately €65 million. *Id*.

11. In 2015, the Foreign Representative was tasked with determining the Debtor's solvency. Isola Declaration ¶ 9. It was the express intention of both the Debtor's and BIA SLO's management to continue both businesses as a going-concern, rather than to pursue liquidation. *Id*. The Foreign Representative presented a valuation of BIA SLO conducted by Dr. Thomas Außerlechner on a liquidation basis to the Austrian Insolvency Court. *Id*. Dr. Außerlechner valued BIA SLO, on a liquidation basis, at €1.6 million. *Id*. There are no records showing that the Foreign

4

Representative had ever evaluated BIA USA. *Id*. Similarly, there are no records showing that the Foreign Representative ever commissioned a valuation of the Debtor, BIA SLO, or BIA USA on a going-concern basis. *Id*.

12. The Foreign Representative instituted the Debtor's liquidation proceedings in Austria without having a valuation of BIA SLO on a going-concern basis. Isola Declaration ¶ 10.

13. Dr. Aleš Štrancar ("Dr. Štrancar") was, and still is, the Debtor's Managing Director. Dr. Štrancar was at all relevant times, and still is, the Managing Director of BIA SLO. Isola Declaration ¶ 11.

14. In 2016, BIA SLO required new capital to maintain its liquidity. Isola Declaration ¶ 12. Thus, Dr. Štrancar, as its Managing Director, sought investors to raise capital. *Id*. However, the Foreign Representative refused to extend the subscription period for investors to purchase shares in BIA SLO. *Id*. The Foreign Representative's refusal to support the capital increase forced Dr. Štrancar to apply for the restructuring of BIA SLO before the Slovenian Court on June 30, 2016. *Id*.

**B. The Foreign Representative's Failure To Convert The Debtor's Debt To Equity And Benefit From The BIA SLO Compulsory Settlement.**

15. As the Managing Director of BIA SLO, Dr. Štrancar requested the opening of "compulsory settlement proceedings," pursuant to Slovenian insolvency law, in order to benefit the Debtor's and BIA SLO's shareholders and creditors, and to ensure the continuation of BIA SLO's business (the "BIA SLO Compulsory Settlement"). Isola Declaration ¶ 13. Pursuant to Slovenian law, under the BIA SLO Compulsory Settlement, all creditors of BIA SLO, including the Debtor, had the right to convert their claims into equity of BIA SLO. *Id*. New investors willing to infuse new money into BIA SLO were also given equity in BIA SLO. *Id*. Pursuant to Slovenian insolvency law, all old equity in BIA SLO would be discharged. *Id*.

16. In 2016, the Foreign Representative objected to the BIA SLO Compulsory Settlement, insisting that BIA SLO should be wound up, and requested that the Slovenian Court begin a liquidation proceeding for BIA SLO. Isola Declaration ¶ 14. It was expected that only a quota payment would be made to the Debtor if such liquidation proceedings went forward. *Id.* At the time, the Debtor, represented by the Foreign Representative, by virtue of being a shareholder of BIA SLO, had the right to examine the books and records of BIA SLO. *Id.*

17. The Slovenian Court denied the Foreign Representative's objection. The Foreign Representative appealed the decision of the Slovenian Court, but in 2017, the relevant Slovenian appellate court denied the Foreign Representative's appeal and upheld the BIA SLO Compulsory Settlement. Isola Declaration ¶ 15.

18. Prior to the consummation of the BIA SLO Compulsory Settlement, the Foreign Representative was given the opportunity to convert the Debtor's claims against BIA SLO into equity, but the Foreign Representative refused. Isola Declaration ¶ 16. His refusal led to the loss of the Debtor's shares in BIA SLO under applicable Slovenian law. *Id.*

19. In 2020, years after the confirmation of the BIA SLO Compulsory Settlement, BIA SLO was sold to Sartorius Stedim Biotech GmbH for a base price of €367 million plus an earn-out of €65.9 million. Isola Declaration ¶ 17. Had the Foreign Representative engaged in the debt-to-equity swap, the Debtor would have received enough funding to satisfy nearly all of its creditors' claims in full and potentially have a remaining surplus for its shareholders. *Id.*

20. Under the BIA SLO Compulsory Settlement, all of BIA SLO's secured creditors were paid 100% in full, and its unsecured creditors, who had not converted their claims into equity, were paid 80% of their claims. Isola Declaration ¶ 18.

### C. The Slovenian Court's Decision Against The Foreign Representative.

21. On May 11, 2023, the Foreign Representative filed a lawsuit against BIA SLO in the Slovenian Court, alleging Dr. Štrancar abused his power and for the expropriation of the Debtor's shares in BIA SLO (which was done pursuant to the BIA SLO Compulsory Settlement approved by the Slovenian Court) requesting damages in the amount of $82,851,000. Isola Declaration ¶ 19. The Slovenian Court dismissed the Foreign Representative's claims against BIA SLO on November 12, 2024. *Id.*

22. The factual findings contained in the Slovenian Court's judgment of dismissal issued on November 12, 2024, form the basis of several arguments in the Trustee Removal Motion, including that the Foreign Representative acted negligently by not converting the Debtor's claims against BIA SLO to equity. Isola Declaration ¶ 20. For example, in ruling against the Foreign Representative (referred to as the Trustee by the Slovenian Court), the Slovenian Court held:

> "The plaintiff Trustee cannot invoke new facts or submit new evidence if [he] could have introduced them with due diligence in the bankruptcy proceedings that have now concluded with res judicata effect. In particular, this is inadmissible because [he] already had appropriate professional support during the reorganization proceedings from experts he himself had engaged, who are familiar with financial reports.
>
> Likewise, the plaintiff Trustee cannot claim that [he] did not have access to complete information and documents relating to the disputed acts. As a shareholder of [BIA SLO], [he] had the right under Articles 512 and 513 of the Slovenian Companies Act (ZGD-1) to request additional information and to review the business activities of [BIA SLO]. All [he] had to do was specify the type of information required and the form in which it was to be provided. There was also no obstacle to [him] being assisted in the inspection by a competent person, such as an accountant or tax consultant. It follows from the foregoing that [the plaintiff Trustee] had virtually unrestricted access to the entire business documentation of [BIA SLO], including financial records and confidential documents. The fact that [he] did not make use of this right cannot inure to the detriment of [BIA SLO]. Finally, [he] could also have obtained further information during the reorganization proceedings through the rules on disclosure of the financial position and business activities."

Isola Declaration ¶ 20. According to the Slovenian Court, the Foreign Representative did nothing to assess the value of the Debtor's 75% stake in BIA SLO, which the Debtor argues in the Trustee

Removal Motion is *prima facie* evidence of his negligence in the management of the Debtor and is grounds for his removal. *Id*. The Foreign Representative has appealed the Slovenian Court's decision, and that appeal is ongoing. *Id*.

### D. The Foreign Representative's Failed Legal Campaign Against BIA SLO And Dr. Štrancar.

23. The Foreign Representative has initiated numerous lawsuits against BIA SLO, the Debtor's management, and BIA SLO's management. Isola Declaration ¶ 21.

24. On May 27, 2016, the Foreign Representative initiated a lawsuit against BIA SLO in Eisenstadt Regional Court, Austria, seeking the recission of certain payments made by the Debtor to BIA SLO and for BIA SLO to transfer certain intellectual property rights to the Debtor. Isola Declaration ¶ 22. This case has been pending for nine years and a decision from the Eisenstadt Regional Court is expected this year. *Id*.

25. On September 25, 2023, nine years after his appointment as the Debtor's trustee, the Foreign Representative filed an action against BIA SLO before the Commercial Court of Vienna, requesting the same transfer of certain intellectual property rights from BIA SLO to the Debtor that is live before the Eisenstadt Regional Court, Austria. Isola Declaration ¶ 23. This action is ongoing. *Id*.

26. In addition to the aforementioned civil suits, the Foreign Representative has filed numerous criminal complaints against Dr. Štrancar. Isola Declaration ¶ 24. No court has ever found Dr. Štrancar guilty of any of the allegations the Foreign Representative brought against him. *Id*.

27. Specifically, for example, in or about 2016, a criminal complaint was filed against Dr. Štrancar and certain other individuals before the state prosecutor (the "Austrian Prosecutor") in Vienna, Austria, for fraud, embezzlement, and the intentional impairment of creditor interests.

Isola Declaration ¶ 25. After investigating, the Austrian Prosecutor dismissed the claims against Dr. Štrancar and the other individuals for lack of evidence. *Id*. The Austrian Prosecutor issued an indictment against Dr. Štrancar regarding a possible minor offense—the negligent impairment of creditor interests—but found no evidence of intent. *Id*. Dr. Štrancar did not plead guilty nor was he found guilty. *Id*. Dr. Štrancar paid a small monetary fee in the amount of €5,800 to expedite the termination of the proceedings. *Id*. Despite such dismissals, the Foreign Representative filed requests to continue the investigations. *Id*. The Austrian Prosecutor refused to reopen the investigations. *Id*. Upon such refusal, the Foreign Representative attempted to appeal the Austrian Prosecutor's decision, but the relevant Austrian court denied his request. *Id*.

28.     Seven years later, in September 2023, the Austrian Insolvency Court, on account of certain statements and reports made by the Foreign Representative, initiated criminal investigations against Dr. Štrancar for fraud in Eisenstadt, Austria. Isola Declaration ¶ 26. After commencing investigations, no indictment was issued against Dr. Štrancar. *Id*. The Foreign Representative asked the Eisenstadt state prosecutor to reopen the investigation, but the Eisenstadt state prosecutor denied his request, finding no reason to investigate further. *Id*. The Foreign Representative appealed the Eisenstadt state prosecutor's decision to the relevant Austrian court, but the court confirmed that there was no reason for further investigations against Dr. Štrancar. *Id*.

29.     In the fall of 2023, the Foreign Representative filed a criminal complaint for abuse of power against Dr. Štrancar in Nova Gorica, Slovenia. Isola Declaration ¶ 27. There is no indication that an investigation is pending in this action. *Id*.

**E. BIA SLO And BIA USA's Current Business Outlook.**

30.     Currently, BIA SLO is a successful business with a breakthrough purification process used by global pharmaceutical companies in their gene therapies to treat pediatric patients

with spinal muscular atrophy. Isola Declaration ¶ 28. Some of these patients are less than two years old. The gene therapy is the first FDA-approved gene therapy for patients this young. *Id*.

31. BIA USA distributes BIA SLO's purification products and chromatographic technology in the United States and is operating at a profit. Isola Declaration ¶ 29.

32. Though BIA USA is the Debtor's only remaining subsidiary, the Foreign Representative did not request any information on BIA USA or its financial situation until many years after the initial valuation provided by Dr Außerlechner. Isola Declaration ¶ 30. Pursuant to his role as the Debtor's trustee, the Foreign Representative has had discovery powers in the Austrian Proceeding, and as the representative of the Debtor's estate, by virtue of being a shareholder of BIA SLO and BIA USA, the Foreign Representative has had the ability to examine BIA SLO's (when it was the Debtor's subsidiary) and BIA USA's books and records. *Id*.

33. In 2023, the Foreign Representative requested certain information with respect to BIA USA's finances. Isola Declaration ¶ 31. Mr. Wodak, in his capacity as BIA USA's chief executive officer, provided such information to the Foreign Representative. *Id*.

## ARGUMENT

I. **THE COURT SHOULD DEFER RECOGNITION UNTIL THE TRUSTEE REMOVAL MOTION HAS BEEN DECIDED IN A FINAL, NON-APPEALABLE ORDER.**

   A. **If The Trustee Removal Motion Is Successful, The Foreign Representative Will No Longer Satisfy The Statutory Requirements For Recognition Of The Austrian Proceeding.**

34. The following requirements of section 1517(a) of the Bankruptcy Code must be satisfied for a United States Bankruptcy Court to recognize a foreign proceeding: (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502 of the Bankruptcy Code; (2) the foreign

representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515 of the Bankruptcy Code. 11 U.S.C. § 1517(a).

35. Section 101(24) of the Bankruptcy Code defines "foreign representative" as "[A] person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

36. The Motion to Remove, which seeks to remove the Foreign Representative as the Debtor's trustee in the Austrian Proceeding, is currently ongoing in the Austrian Proceeding. Isola Declaration ¶ 6. The existence of the Trustee Removal Motion calls into question the Foreign Representative's status—he may be removed as the Debtor's trustee and cease to be authorized in the Austrian Proceeding to administer the reorganization or the liquidation of the Debtor's assets or affairs or to act as a representative of the Austrian Proceeding, and would therefore not meet the definition of section 101(24) of the Bankruptcy Code. If the Foreign Representative does not qualify as a "foreign representative" under the Bankruptcy Code, the second requirement of section 1517(a) of the Bankruptcy Code, which is required for recognition, cannot be satisfied. 11 U.S.C. §§ 101(24), 1517(a).

37. In light of the present uncertainty, and the looming possibility that the required elements for recognition of the Austrian Proceeding would fail to be satisfied upon the Austrian Insolvency Court's ruling on the Trustee Removal Motion, recognition should be deferred until a final, non-appealable order has been entered deciding the Trustee Removal Motion and there is clarity as to whether the Foreign Representative can comply with the requirements of section 1517(a) of the Bankruptcy Code.

**B. Deferring Recognition Until The Austrian Court Has Ruled On The Trustee Removal Motion Avoids Unnecessarily Burdening BIA USA, Other Parties In Interest, And The Debtor's Estate, And Avoids Unnecessary Litigation.**

38. Recognition of the Austrian Proceeding would confer significant powers and duties on the Foreign Representative, including the right to administer the Debtor's assets, commence or defend actions on behalf of the Debtor, seek discovery, and file Rule 2004 motions. *See* 11 U.S.C. §§ 1520, 1521(a)(4). Such discovery requests and Rule 2004 motions are likely to burden the Debtor's estate and parties in interest, like BIA USA, that appear to be the intended targets of such requests with costly litigation and/or production expenses, especially if the Foreign Representative is later removed as the Debtor's trustee and the discovery requests or 2004 motions become moot or irrelevant. To prevent a potentially needless drain on BIA USA's resources, other parties in interest's resources, and the estate's resources, recognition should be deferred until the Trustee Removal Motion has been decided in a final, non-appealable order.

39. Moreover, if the Foreign Representative is removed as the Debtor's trustee, the order granting recognition would have to be modified or terminated to reflect the change in status and authority of the Foreign Representative. *See* 11 U.S.C. § 1517(d). This would entail additional costs and delays for the estate, as well as potential confusion for the Debtor's creditors and other parties in interest. Therefore, the Court should defer recognition of the Austrian Proceeding until the Trustee Removal Motion has been decided in a final, non-appealable order to preserve the estate's resources and avoid unnecessary litigation and the costs associated therewith.

**C. Immediate Recognition Could Irrevocably Harm BIA USA Given The Foreign Representative's History Of Mismanagement Alleged In The Trustee Removal Motion.**

40. Pursuant to the Trustee Removal Motion, the Foreign Representative has a history of mismanaging the Debtor's affairs and pursuing expensive, but fruitless, lawsuits against the

Debtor's former subsidiary and Managing Director; recognition would open BIA USA and other parties in interest up to the same pattern of harassing behavior.

41. The Foreign Representative has failed to articulate why he has been unable to ascertain the value of BIA USA as a part of the decade-old proceedings in Austria and Slovenia. As the Debtor's trustee, the Foreign Representative has similar discovery powers in the Austrian Proceeding to those conferred upon him by recognition in this chapter 15 case. Isola Declaration ¶ 30. As the Debtor is 100% shareholder of BIA USA, the Debtor would have had the ability to seek BIA USA's books and records in the Austrian proceeding. *Id*. Moreover, the Foreign Representative has conducted numerous investigations in connection with the many litigations he has commenced both in Austria and Slovenia. It is inexplicable that after ten years and numerous investigations and litigations in multiple jurisdictions, that the Foreign Representative has been unable to ascertain BIA USA's value such that he needs chapter 15 relief in order to do so. Moreover, BIA USA has provided the Foreign Representative with USA BIA's financial data. Isola Declaration ¶ 31. This chapter 15 case is yet another attempt by the Foreign Representative to commence the same litigations and investigations in multiple jurisdictions to burden the Debtor's subsidiaries and their officers and directors with legal fees as they defend themselves on multiple fronts.

42. BIA USA should not have to bear the burden of any costs associated with the Foreign Representative's imminent discovery requests upon recognition of the Austrian Proceeding. The Foreign Representative's motivation for any incoming discovery requests and actions against BIA USA is likely to force BIA USA and its directors and officers to incur significant costs and defend against simultaneous litigation in multiple jurisdictions, particularly given that BIA USA has provided the Foreign Representative with financial data. The very same

13

overly litigious behavior is actively being considered by the Austrian Insolvency Court in connection with the Trustee Removal Motion.

43. Further, given the history of mismanagement alleged in the Trustee Removal Motion, there is potential for the Foreign Representative to take a similarly illogical approach to BIA USA's affairs that could result in severe financial distress or negatively impact its business relationship with BIA SLO, which is no longer a subsidiary of the Debtor.

44. To prevent against potential harm to BIA USA, recognition should be deferred until the Trustee Removal Motion has been decided in a final, non-appealable order.

### D. Deferring Recognition Would Not Harm The Debtor Because It Already Has Broad Provisional Relief.

45. Deferring recognition would not harm the Debtor because the Debtor already has the benefit of the provisional relief granted by the Court in the *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [D.I. 6] (the "Provisional Relief Order"). The Provisional Relief Order provides the Debtor with largely all of the protections and authorities afforded to a foreign debtor and foreign representative upon chapter 15 recognition, including the automatic stay, thereby providing the Debtor with all of the protections and authorities needed to administer its assets in the United States until such time as recognition might be granted (if then appropriate). The provisional relief is sufficient to preserve the status quo and to prevent any prejudice or harm to the Debtor or its creditors pending the resolution of the Trustee Removal Motion. There is therefore no urgency or necessity for recognition of the Austrian Proceeding at this time, and the Court should defer recognition until the Trustee Removal Motion has been decided in a final, non-appealable order.

IMPAC - 12180688v.2

**CONCLUSION**

For the foregoing reasons, the Court should defer judgment of the Foreign Representative's Motion for Recognition until the Trustee Removal Motion has been decided in a final, non-appealable order and grant such other relief as is just.

Dated: April 17, 2025
      Wilmington, Delaware

Respectfully submitted,

*/s/ James R. Risener III*
L. Katherine Good (No. 5101)
James R. Risener III (No. 7334)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
      jrisener@potteranderson.com

– and –

Joaquin M. C de Baca (*pro hac vice* pending)
Glen A. Kopp (*pro hace vice* pending)
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: JCdeBaca@mayerbrown.com
      GKopp@mayerbrown.com

*Counsel to Martin Wodak and Aleš Štrancar*